IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

AUTO-OWNERS (MUTUAL) INSURANCE
COMPANY,

     **Plaintiff / Counter-Defendant**

v.                                **No. 2:21-cv-2082-SHL-cgc**

BEN REARDON,

     **Defendant / Counter-Plaintiff**

---

## ORDER ON MOTION TO COMPEL

Before the Court, by way of Order of Reference (D.E. # 21), is Defendant / Counter-Plaintiff Ben Reardon's ("Reardon") Motion to Compel (D.E. # 19).  Response to the motion was filed by Plaintiff / Counter-Defendant Auto-Owners (Mutual) Insurance Company ("Auto-Owners") (D.E. # 23).  With leave of court, Reardon filed his reply.  (D.E. # 26)

Reardon filed a claim for damages to his home alleged to have been incurred during wind and hailstorms on April 15, 2019.  The loss was reported to Auto-Owners and a partial payment was made to Reardon.  Reardon disagreed with the amount paid and pursuant to the terms of the policy (D.E. # 1-1, PageID 14-15), initiated the appraisal process on October 17, 2019.  Reardon and Auto-Owners each selected an appraiser to determine the amount of the loss.  On December 21, 2020, the appraisers both agreed on the amount of the loss on a replacement cost value basis and on an actual cash value basis.  The complaint seeking declaratory judgment was filed by Auto-Owners on February 4, 2021.  (D.E. # 1)

The motion seeks an order compelling Auto-Owners to produce the October 21, 2019 adjuster internal report prepared by Jacob Flippin, the April 22, 2019 correspondence from Auto-Owners to Donan Engineering, and the Redactions in the claim notes regarding correspondence

with counsel and/or Auto-Owners' analysis of the claim.  Based on the privilege log attached to the motion at D.E. # 19-2, Auto-Owners withheld the listed items on the ground of the work product doctrine.

Reardon argues that the reliance on the work product doctrine is being improperly relied on by Auto-Owners and that Auto-Owners seeks to expand the doctrine to automatically include material that an insurer considers or generated as they begin the investigation of a first-party insurance claim as the product in anticipation of litigation rather than the product of making coverage decisions which constitutes the normal course of the insurance business.  Auto-Owners responds that they determined early in the claim process that the claim was more likely than not headed for litigation.

The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process.  *See* Hickman v. Taylor, 329 U.S. 495, 510–14, 67 S.Ct. 385, 91 L.Ed. 451 (1947).  "Because jurisdiction in this case is based on diversity of citizenship, state law supplies the rule of decision and the existence and limits of any privilege must be "determined in accordance with state law." Fed.R.Evid. 501.  However, the applicability of the work product doctrine is governed by federal procedure, even in diversity cases."  Royal Surplus Lines Ins. v. Sofamor Danek Grp., 190 F.R.D. 463, 467 (W.D. Tenn. 1999) citing United Coal Companies v. Powell Construction, 839 F.2d 958, 966 (3rd Cir.1988). Rule 26(b)(3) protects (1) "documents and tangible things"; (2) "prepared in anticipation of litigation or for trial"; (3) "by or for another party or its representative."  In re Powerhouse Licensing, LLC, 441 F.3d 467, 472 (6th Cir.2006).  Disclosure of covered documents is only allowed if 1) such material is otherwise discoverable under the rule or 2) a party shows a substantial need for the material and cannot, without undue hardship, obtain equivalent material by other means.  The lone issue is whether the disputed documents were prepared in anticipation of litigation.

To determine whether a document has been prepared "in anticipation of litigation," and is thus protected work product, we ask two questions: (1) whether that document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable. United States v. Roxworthy, 457 F.3d 590, 594 (6th Cir.2006). The party withholding items under a claim of privilege or the work-product doctrine bears the burden of establishing the item should be withheld. Ajose v. Interline Brands, Inc., No. 3:14-CV-1707, 2016 WL 6893866, at *1 (M.D. Tenn. Nov. 23, 2016)

The claim decision process ended on August 2, 2019 when the decision was made to make the ACV payment of $4,182.67. The matter became adversarial on October 17, 2019 when Reardon exercised the appeal provision in the policy. Therefore, any items on the privilege log prepared after October 17, 2019 would constitute work product as it would be objectively reasonable that Auto Owners would anticipate litigation.

The October 21, 2019 adjuster internal report prepared by Jacob Flippin is work product and does not have to be produced. The April 22, 2019 correspondence from Auto-Owners to Donan Engineering is not work product and must be produced. The claim notes dated prior to October 17, 2019 (Bates numbered pages AO_000572 to AO_000600) are not work product and must be produced and/or have redactions removed.

IT IS SO ORDERED this 11th day of August, 2021.

> s/Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE